Manly, J.
The .rights of the complainant depend on the proper construction of the will of her husband James A. Turner. After an attentive; consideration of the whole body of the instrument, we are of opinion, she is entitled to a conveyance of the entire parcel of land in fee.
This construction is necessary to avoid an intestacy in. respect to the most important part of his estate, and to give effect to what seems to. be the testator’s manifest intention. The language of the will discloses a careful purpose to embrace in its bequests all his effects of every description. r:~
After sweeping-up as it were and including every thing, we can not suppose that he would make so incomplete a-disposition of it, as to leave it entirely undisposed of in a' contingency the most probable of those then in his. mind.
He sets out by disposing of a life estate in his property of every kind. This he gives to his wife; and then turns to the task of carving out absolute estates in certain con-, 'tingeneies, The language of the will is peculiar. “ It is my will and desire, that any child or children that may be born during my coverture, shall be co-equal heirs with my wife.” This secondary disposition of his estate seems to-be|based upon the idea that the wife was an heir in any event, aud proceeds to provide for children in case theia should be one, two, or three.
*41 The wife appears to be a primary object of .care with the testator, and we can not suppose, that while he desired, m the event of having a child born to him, to give her one half of his estate absolutely, he was umvilling to- give her anything, in case he had cone.
"Upon the whole we think an intention is sufficiently apparent to give the wife an absolute estate in all his property, in the event the testator, should have no children born to him from the marriage : and do so declare.
There should be a decree for a conveyance of the entire parcel of land described in the pleadings, to the complain - ant, in fee.